FILED'11 MAY 25 10:32USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SUSAN FARMER, on behalf of M.F., a minor child and SUSAN FARMER individually (hereafter referred to as S.F.),<br><br>      Plaintiffs,<br>  v.<br><br>SALEM-KEIZER SCHOOL DISTRICT and RUTH GELBRICH, individually and in her official capacity,<br><br>      Defendants. | Civ No. 09-6297-AA<br>OPINION AND ORDER |

AIKEN, Chief Judge:

    Plaintiff Susan Farmer brought suit on behalf of herself and her minor child to appeal a decision of the Salem-Keizer School District under the Individuals With Disabilities Education Act (IDEA). Plaintiffs also allege violations of the Americans With Disabilities Act (ADA) and the Rehabilitation Act, and violations of Farmer's due process and freedom of speech rights under 42 U.S.C. § 1983. Plaintiffs now move to strike defendants' counterclaim for attorney fees and also move for appointment of guardian ad litem.

1 - OPINION AND ORDER

Plaintiffs argue that defendants' counterclaim is deficient because defendants may seek attorneys fees only through a motion made under Fed. R. Civ. P. 54. Further, plaintiffs argue that the counterclaim fails to meet requisite pleading standards and is barred by defendants' failure to exhaust administrative remedies. Defendants maintain that they pled a claim for attorney fees to place plaintiffs on notice that they intend to seek fees.

Under the IDEA, a district court may award attorney fees to a prevailing educational agency if a complaint or cause of action is found to be "frivolous, unreasonable, or without foundation" or filed for "any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the costs of litigation." 20 U.S.C. § 1415(i)(3)(B)(i)(II),(III). Thus, the court does not view defendants' counterclaim for attorneys fees as a "claim" necessarily but as part of their prayer for relief. Regardless, the purpose of defendants' counterclaim is to place plaintiffs on notice that defendants intend to seek their attorney fees at the conclusion of the case as authorized by statute, and I find that they have adequately done so. Whether defendants may actually seek or recover attorney fees under § 1415(i) is a question that is not appropriate for resolution at this stage of the proceedings. Further, given that the statute authorizes attorney fees based on the filing of a complaint in federal district court, I do not find that any failure to exhaust administrative remedies bars defendants from pleading their intent to seek attorney fees.

2 - OPINION AND ORDER

Likewise, I decline to strike defendants' reservation of the right to assert additional affirmative defenses. Should defendants seek to amend their answer and assert additional affirmative defenses, the court will resolve the issue at that time.

Finally, plaintiffs also move for appointment of guardian ad litem. Defendants do not oppose the motion, and it will be granted.

## CONCLUSION

For the reasons set forth above, plaintiffs' Motion to Dismiss Strike (doc. 51) is DENIED, and plaintiffs' motion to appoint guardian ad litem (doc. 6**1**) is GRANTED.

IT IS SO ORDERED.

Dated this **24** day of May, 2011.

_____
Ann Aiken
United States District Court Judge

3 - OPINION AND ORDER