FILED 15 AUG '11 12:25 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

S.F., on behalf of M.F., a minor	Civ No. 09-6297-AA
child and S.F. individually
(hereafter referred to as S.F.),

    Plaintiff,	OPINION AND ORDER

v.

SALEM-KEIZER SCHOOL DISTRICT,
OREGON DEPARTMENT OF EDUCATION
and RUTH GELBRICH, individually,

    Defendants.

AIKEN, Chief Judge:

In this action brought pursuant to the Individuals with Disabilities Act (IDEA), 20 U.S.C. §§ 1400 et seq., plaintiff moves to supplement the record with the declaration of an expert witness, Dr. Alan Kaufman, and other evidence relevant to plaintiff's damages. Defendants oppose the motion.

In an IDEA action, a district court "shall" receive the records of the administrative proceedings, hear additional evidence

1 - OPINION AND ORDER

at the request of a party, and "grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C). In considering a motion to supplement the record, a district court "should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources." Roland M. v. Concord School Comm., 910 F.2d 983, 996 (1st Cir. 1990) (internal quotation marks and citation omitted). Thus, a district court "need not consider evidence that simply repeats or embellishes evidence taken at the administrative hearing." E.M. ex rel. E.M. v. Pajaro Valley Unified Sch. Dist., __ F.3d __, 2011 WL 2714168, *4 (9th Cir. July 14, 2011). Rather, "evidence that is non-cumulative, relevant, and otherwise admissible constitutes 'additional evidence' that the district court 'shall' consider pursuant to 20 U.S.C. § 1415(i)(2)(C)(ii)." Id.; see also Ojai Unified Sch. Dist. v. Jackson, 4 F.3d 1467, 1473 (9th Cir. 1993).

Plaintiff asserts that Dr. Kaufman's declaration "will assist the Court in deciding if the ALJ was correct in determining that the District and the ALJ appropriately denied M.F. special education eligibility based exclusively on the reliance of M.F."s standardized test scores." Pl.'s Mem. in Support, p. 8. Plaintiff

maintains that Dr. Kaufman's declaration explains why such scores were not a valid or reliable basis to determine eligibility, evidence that was not presented at the administrative hearing. Defendants respond that Dr. Kaufman's declaration is cumulative and offered to "embellish and undercut the testimony of other witnesses at the hearing below which was closed at plaintiff's request, without facing cross-examination or the questioning of the Administrative Law Judge." Def.'s Response, pp. 3-4.

However, defendants do not specify how Dr. Kaufman's report is cumulative or unhelpful, and I note that he did not testify earlier in the administrative hearing. Plaintiff has provided a reasonable rationale for bringing this witness forward at this stage of the proceedings, and I do not find that plaintiff is "reserving [her] best evidence for trial," or that she intended to "undercut the statutory role of administrative expertise." Roland, 910 F.2d at 996. Further, defendants may submit a rebuttal declaration if they choose. Finally, if Dr. Kaufman's declaration is cumulative of witnesses already heard by the ALJ, I will decline to consider it.

I am mindful that a district court "must be careful not to allow [supplemental] evidence to change the character of the hearing from one of review to a trial de novo." Ojai, 4 F.3d at 1473 (quoting Town of Burlington v. Dep't of Educ., 736 F.2d 773, 791 (1st Cir. 1984)). It is with this admonition in mind that I exercise my discretion to allow the supplemental expert

declaration. As for the supplemental evidence regarding damages, I will allow its submission only for purposes of determining the appropriate relief in the event plaintiff succeeds on her IDEA claims.

## CONCLUSION

Plaintiff's Motion to Supplement (doc. 62) is GRANTED.

IT IS SO ORDERED.

Dated this 11th day of August, 2011.

*/s/ Ann Aiken*
Ann Aiken
United States District Judge

4 - OPINION AND ORDER